VINCENT VITALE, BY NEXT FRIEND, v. QUALITY LAUN-
DRY COMPANY, INCORPORATED.

FRANK VITALE v. QUALITY LAUNDRY COMPANY,
INCORPORATED.

Submitted October 14, 1927—Decided January 14, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Carl S. Kuebler.*

For the appellees, *Alberico O. Ciccarelli.*

PER CURIAM.

These causes were tried together before the judge of the
District Court without a jury, and resulted in findings and
judgments in favor of the plaintiffs below.

Frank Vitale was in the coal business and his horse-driven
truck was standing at the curb of a public street while the
coal with which the truck was loaded was being by him
shoveled into receptacles which his son, Vincent, was carry-
ing and discharging into a bin in an adjacent building.

The defendant's truck by its driver, had been brought to
a position directly in the rear of Vitale's truck and stopped and
left standing. Some ten or fifteen minutes thereafter another
employe of the defendant, a boy of fourteen years of age,
came to the standing truck to obtain some cord to tie some

bundles, and he says he accidentally stepped upon the starter of defendant's truck, which was set in motion and proceeded forward and collided with the coal truck, damaging the truck and injuring both Frank Vitale and his son, Vincent, the plaintiffs below.

The sole ground for reversal is error in refusing to direct a verdict upon the ground that there was no evidence that the defendant's automobile was being operated by its authorized agent or servant.

It appears to us that the grounds of negligence relied upon below are misunderstood by the appellant.

Such grounds appear to be that it was negligent for the driver of defendant's truck to have left it in such condition that its motor could have been readily started and the truck proceed forward, and secondly, that the boy, concededly a servant of defendant, and acting within the scope of his employment when he went to the truck for cord, was negligent when he stepped upon the starter and set the motor in motion.

There was testimony upon both of the points permitting the trial judge to find negligence attributable to the defendant, and, therefore, his findings of fact are not open to review, and the judgments below are affirmed, with costs.